UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID A. PATTERSON,

    Plaintiff,

v.                                                                     Case No. 2:05-cv-177
                                                                 HON. GORDON J. QUIST

R. KLEEMAN, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff David A. Patterson, an inmate currently confined at the Alger Maximum Correctional Facility (LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against several employees of the Michigan Department of Corrections (MDOC). Specifically, Defendants include Corrections Officer R. Kleeman, Corrections Officer Robert Wickstrom, Corrections Officer Tracy Berg, Corrections Administrator L. Phillipson and Captain Unknown Jones, all of whom were employed at LMF during the pertinent time period.

Presently before the Court is Defendants' motion to dismiss (docket #30), pursuant to Fed. R. Civ. P. 12(b)(6). In addition, Plaintiff has filed a motion for leave to file an amended complaint and a motion for summary judgment (docket #41 and #50). A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading, requiring the court to determine whether the plaintiff would be entitled to relief if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle [the plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The

court must construe the complaint in the light most favorable to plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A judge may not dismiss the complaint simply because he disbelieves the complaint's factual allegations. *Conley*, 355 U.S. at 47.

Generally, a complaint need only give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *In re Delorean Motor Co. v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (*quoting Conley*, 355 U.S. at 47). The fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to give adequate notice to the parties of each side's claims and to allow cases to be decided on the merits after an adequate development of the facts. *Mayer*, 355 U.S. at 638. While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *Delorean*, 991 F.2d at 1240. "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (internal quote omitted).

As noted above, Plaintiff has filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). While the evidence must be viewed in the light most favorable to the nonmoving party, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

251-52 (1986). Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

In their motion to dismiss, defendants contend that Plaintiff has failed to "set forth facts demonstrating Defendants' infringement of a constitutional right." Defendants state that Plaintiff's complaint fails to set forth a short and plain statement of the claim. Defendants contend that Plaintiff merely cites various MDOC grievance filings and the content of those grievances, which does not comply with this basic requirement.

The undersigned notes that in Plaintiff's complaint, he states that he filed various grievances against the named Defendants. Plaintiff then details the facts asserted in each of the grievances, which sets forth specific claims against the various Defendants. The fact that the allegations against each Defendant are set forth in the description of the contents of various grievances is irrelevant for purposes of determining whether Plaintiff succeeded in stating a claim. A review of the complaint reveals that Plaintiff is asserting that he is being harassed on a daily basis for being a "gang banger." Plaintiff claims that he is not a "gang banger." Plaintiff further states that Defendants Kleeman, Wickstrom and Berg had a practice of throwing half of Plaintiff's food away prior to giving him his tray, spitting in his food, and kicking on his door in an effort to instill fear in him. Plaintiff also states that Defendant Wickstrom illegally denied him yard time and made sexual comments towards Plaintiff while conducting strip searches. Plaintiff claims that he informed Defendants Jones and Phillipson of the misconduct of Defendants Kleeman, Wickstrom, and Berg

on numerous occasions, but that they knowingly let their subordinates mistreat Plaintiff and refused to investigate Plaintiff's complaints.

Defendant rely on *Young Bey v. McGinnis*, No. 98-1930 (6th Cir. 1989), which is attached as an exhibit to Defendants' brief in support of their motion to dismiss. In *Young Bey*, the Sixth Circuit noted that the factual allegations against each of the defendants in that case were contained in an attachment to the complaint that consisted of at least fifty pages. The Sixth Circuit stated that the district court's duty to construe the pleadings liberally did not obligate it to analyze attachments to the complaint in order to speculate about the claims that the plaintiff might bring. The Sixth Circuit further noted that Young Bey failed to allege any facts showing how the defendants had wronged him, stating that it was Young Bey who was in "the best position to plead facts, if these facts [did] exist." *Young Bey*, No. 98-1930, slip op 2. The undersigned notes that the instant case is easily distinguishable from the situation in *Young Bey* because Plaintiff here does allege specific facts with regard to each Defendant in the body of his complaint. Therefore, the undersigned concludes that Defendants' contention that they are entitled to dismissal of this action is without merit.

In his motion for summary judgment, Plaintiff states that he is being kept in administrative segregation by Defendants because he refuses to drop the instant lawsuit. Plaintiff states that such conduct is retaliatory and prevents him from getting "proper legal assistance from the General Population Law Library." Plaintiff claims that the longer this case is pending, the more he is forced to suffer from being confined in administrative segregation. However, such allegations do not show that Plaintiff is entitled to summary judgment. Therefore, the undersigned recommends that Plaintiff's motion for summary judgment (docket #50) be denied.

Finally, Plaintiff has filed a motion to amend his complaint in order to provide a more detailed explanation of his claims against the named Defendants. The undersigned notes that such a pleading would be more properly filed as a supplement to the complaint. Moreover, the undersigned notes that the court must have knowledge of the substance of the proposed amendment to determining whether "justice so requires" an amendment. *Roskam Baking Co v. Lanham Machinery*, 288 F.3d 895, 906 (6th Cir. 2002). Therefore, because Plaintiff has failed to submit a proposed amended complaint, the undersigned recommends that the court deny Plaintiff's motion to amend without prejudice.

In summary, in the opinion of the undersigned, Defendants' motion to dismiss (docket #30) lacks merit and is properly denied. The undersigned also recommends that the court deny Plaintiff's motion for summary judgment (docket #50) and his motion to amend his complaint (docket #41) for lack of merit.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley  
TIMOTHY P. GREELEY  
UNITED STATES MAGISTRATE JUDGE

Dated: November 20, 2006