UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID A. PATTERSON,

    Plaintiff,

v.                                            Case No. 2:05-cv-177
                                          HON. GORDON J. QUIST

RUDOLPH KLEEMAN, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner confined at the Alger Maximum Correctional Facility, filed this *pro se* prisoner 42 U.S.C. § 1983 action against Michigan Department of Corrections (MDOC) employees Rudolph Kleeman, Tracy Berg, Robert Wickstrom, Keena Jones, and Lynn Phillipson. All Defendants are sued in their official and individual capacities. Plaintiff requests compensatory damages of $100 per month per defendant, spanning the duration of his stay at Alger Maximum, actual damages in the amount of $100 per month, and punitive damages. Plaintiff also seeks injunctive relief in the form of an administrative transfer to another facility where Defendants are not employed.

Plaintiff's complaint contains a wide range of allegations against the Defendants. Plaintiff alleges that Defendants retaliated against him for filing numerous grievances, continually harassed him because he is African American, and engaged in a conspiracy to deny him food. Plaintiff claims Defendants harassed him by spitting in his food or throwing half of his food away, kicking his door to instill fear in him, and issuing false major misconduct charges against him.

Additionally, Plaintiff alleges that Defendants falsified segregation reports to justify his confinement in Administrative Segregation and denied him food and medical treatment, despite the fact that Plaintiff has diabetes, high blood pressure, and heart disease. Plaintiff maintains that Defendants deprived him of postal materials and that Defendant Wickstrom sexually harassed him by making crude comments during a strip search. Overall, Plaintiff avers nine grievances.

Presently before the Court is Defendants' Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), and Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56. Plaintiff has filed a response and the matter is ready for decision. Because both sides have asked that the Court consider evidentiary materials beyond the pleadings, the standards applicable to summary judgment apply. *See* Fed. R. Civ. P. 12(b).

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).

The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir.

1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendants move to dismiss the complaint for lack of exhaustion of administrative grievance remedies or, alternatively, to dismiss Plaintiff's unexhausted claims. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A plaintiff must pursue all levels of the administrative procedure before filing an action in federal court. *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) ("While we recognize that plaintiff made some attempt to go through the prison's grievance procedures, we must dismiss plaintiff's complaint because he filed his federal complaint before allowing the administrative process to be completed.")

More recently, the United States Supreme Court ruled that an untimely grievance filing fails to satisfy the exhaustion requirement. In *Woodford v. Ngo*, 126 S. Ct. 2378, 2393 (2006)*,* the Supreme Court held that a prisoner fails to satisfy the Prison Litigation Reform Act's (PLRA) exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance. Plaintiff James Woodford, a California prisoner, filed a § 1983 action against prison officials challenging restrictions on his participation in several Catholic observances. Approximately

six months later, Woodford filed a grievance challenging those restrictions. Woodford's grievance, however, was rejected as untimely because it was not filed within 15 working days of the action being challenged. *Id.* at 2383-84. Woodford appealed the grievance internally without any success and subsequently sued the prison officials in federal district court. The district court granted the defendants' motion to dismiss because Woodford failed to exhaust his administrative remedies under § 1997e(a) by filing an untimely grievance. The Ninth Circuit Court of Appeals reversed, holding that Woodford had exhausted administrative remedies because no such remedies were available to him. Noting that the Ninth Circuit's decision was consistent with the Sixth Circuit's decision in *Thomas v. Woolum,* 337 F.3d 720, 735 (6th Cir. 2003), but conflicted with four other circuits, the Supreme Court granted certiorari to address the conflict. *Id.* at 2384. In *Thomas,* 337 F.3d at 733, the Sixth Circuit held that "a prisoner who has presented his or her grievance through one complete round of the prison process has exhausted his available administrative remedies under 42 U.S.C. § 1997e(a), regardless of whether the prisoner complied with the grievance system's procedural requirements" such as timeliness.

The PLRA provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *until such administrative remedies as are available are exhausted."* 42 U.S.C. § 1997(e)(a) (emphasis added). The Court evaluated the doctrine of exhaustion under both administrative and habeas law, finding that the PLRA exhaustion requirement requires proper exhaustion. *Woodford,* 126 S. Ct. 2387. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 2386. Efforts by

prisoners to circumvent the prison grievance proceedings, *i.e.* by filing a grievance late, and proceeding directly to federal district court, are thereby thwarted. *Id.* at 2388. Accordingly, the Court reversed the decision of the Ninth Circuit, holding that Woodford failed to exhaust his administrative remedies because his grievance was untimely. *Id.* at 2393.

In this case, three out of nine grievances relied on by Plaintiff in this case were filed in compliance with applicable procedural rules. As noted by Defendants in their brief in support of their motion for summary judgment:

> • LMF 04-09-2790-17a was rejected by the Step III Grievance Coordinator because the grievance cited multiple issues, provided extraneous information, and did not explain what attempt the plaintiff made to resolve any of the issues prior to writing the grievance;
>
> • LMF 05-01-69-28B was rejected at all three steps of the grievance procedure because the grievance was vague – Plaintiff identified no grievable concern and cited no specific acts that violated prison policy;
>
> • LMF 05-01-259-28I was rejected at all three steps of the grievance procedure because Plaintiff made no attempt to resolve the issue with the involved staff person before filing the grievance; and
>
> • LMF 05-01-394-17A was rejected at Step III because the grievance was vague and provided no specifics.
>
> • 164250-28 and 164251-28B were attempted "Direct Step III" grievances that were rejected with instructions to submit the grievances at Step I.

The three properly exhausted grievances were a grievance alleging deprivation of yard time and the issuance of a false misconduct ticket, a grievance alleging deprivation of mail, and a grievance alleging a supervisor's failure to take corrective action against his subordinates. Several of Plaintiff's grievances were rejected because they cited multiple issues, provided extraneous

information, were vague, or did not explain how Plaintiff attempted to resolve the issues. Accordingly, the undersigned recommends that Plaintiff's six unexhausted claims be dismissed for failure to comply with the grievance procedure.

Plaintiff filed a grievance alleging that Defendant Wickstrom told Plaintiff he was on yard restriction on September 18, 2004, and wrote a false major misconduct report against him. The Supreme Court has held that a claim for declaratory relief and monetary damages that necessarily implies the invalidity of the punishment imposed, is not cognizable under § 1983 until the conviction has been overturned. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (addressing allegations of deceit and bias on the part of the decisionmaker in a misconduct hearing). The Court relied upon *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards*, 520 U.S. at 646 (emphasis in original). As the Supreme Court has stated, "[t]hese cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 125 S. Ct. 1242, 1248 (2005). Thus, where a prisoner's claim of unfair procedures in a disciplinary hearing necessarily implies the invalidity of the deprivation of good-time credits, his claim is not cognizable under § 1983. *Id.*; *see also Bailey v. McCoy*, No. 98-1746, 1999 WL 777351, at *2 (6th Cir. Sept. 21, 1999) (collecting Sixth Circuit decisions applying *Edwards* to procedural due process challenges), *cert. denied*, 122 S. Ct. 1795

(2002). *See also Muhammad v. Close*, 540 U.S. 749 (2004) (holding that the *Heck-Edwards* bar applies to prison misconduct challenges only when good-time credits are implicated).

In *Muhammad v. Close*, 540 U.S. 749 (2004), the Supreme Court clarified that *Edwards* requires the favorable termination of a disciplinary proceeding before a civil rights action may be filed only in cases where the duration of the prisoner's sentence is affected. *See Johnson v. Coolman*, No. 03-1909, 2004 WL 1367271, at *1 (6th Cir. June 15, 2004). In other words, *Edwards* still applies where a plaintiff has lost good time as the result of the misconduct conviction. Under Michigan law, a prisoner loses good time credits for the month of his major misconduct disciplinary conviction. *See* MICH. COMP. LAWS § 800.33. In addition, the warden may order forfeiture of previously accumulated credits in cases. *Id.* Accordingly, Plaintiff's claim remains noncognizable under § 1983 because a ruling on the claim would, if established, necessarily imply the invalidity of his disciplinary conviction. *See Shavers v. Stapleton*, No. 03-2210, 2004 WL 1303359, at *1 (6th Cir. June 9, 2004).

Under Michigan law, a prisoner may seek a rehearing of a decision made by the Hearings Division within thirty calendar days after a copy of the Misconduct Report is received. MICH. COMP. LAWS § 791.254; Policy Directive 03.03.105, ¶ DDD. Upon denial of his motion for rehearing, a prisoner may file an application for leave to appeal in the state circuit court. *See* MICH. COMP. LAWS § 791.255(2); Policy Directive 03.03.105, ¶ GGG (concerning appeal). If he is not successful, he may then seek to overturn the convictions.

Plaintiff was found guilty of the September 18, 2004, misconduct charge and has not demonstrated that these findings were reversed or invalidated. Accordingly, in the opinion of the

undersigned, Plaintiff's claims that he was convicted of false misconducts are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994).

Moreover, Plaintiff's Eighth Amendment claim fails as a matter of law. Plaintiff alleges that his deprivation of a single day of yard time constitutes a violation of his Eighth Amendment rights. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, directing that they may not use excessive physical force against prisoners and must also "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984)). To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, plaintiffs must show that the prison officials acted with "deliberate indifference" to a substantial risk that the defendant would cause prisoners serious harm. *Farmer,* 511 U.S. at 834; *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir.1996); *Taylor v. Mich. Dep't of Corr.* 69 F.3d 76, 79 (6th Cir.1995). See *Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001).

Eighth Amendment standards entitle prisoners to exercise sufficient to maintain reasonably good physical and mental health. See *Walker v. Mintzes*, 771 F.2d 920-927 (6th Cir. 1985). However, Plaintiff can prove that he missed only one day of yard time on September 18, 2004. The deprivation of a single day of yard time does not constitute a violation of the Eighth Amendment. Plaintiff has not succeeded in demonstrating the existence of a genuine issue of

material fact as to whether Defendants violated his Eighth Amendment rights. Therefore, Defendants are entitled to summary judgment.

Additionally, Plaintiff alleges that he was deprived of photographs sent to him in the mail after he received a mail rejection based on the sexually explicit nature of a catalog advertisement. Prisoners possess the right of free speech under the First and Fourteenth Amendments, including the right to receive publications. However, these rights may be subject to restrictions and limitations. *Bell v. Wolfish*, 441 U.S. 520, 545-548 (1978). A prison regulation which restricts an inmate's access to publications is constitutionally valid if it is reasonably related to a legitimate penological interest. *Ward v. Washtenaw County Sheriff's Department*, 881 F.2d 325, 328-330 (6th Cir. 1989). *See also*, *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989); *Turner v. Safley*, 482 U.S. 78, 89 (1987); *Bell*, 441 U.S. at 550-552.

In this case, Plaintiff's mail clearly violated MDOC policy which states that photographs "exposing the female or male buttocks, pubic area or genitalia, or the female breast below the top of the areola poses a threat to the good order, discipline of the facility, may encourage or may interfere with the rehabilitation of the prisoner." It is clear that restriction of such publications is related to a legitimate penological interest. A Mail Rejection Hearing was held pursuant to state administrative rules and the Notice of Package/Mail Rejection that was issued regarding Plaintiff's mail was upheld. Moreover, Plaintiff has alleged no facts supporting a constitutional violation. Accordingly, in the opinion of the undersigned, Plaintiff's claim that he was deprived of his mail is without merit.

Plaintiff filed suit against Defendant Jones alleging that he failed to take corrective action against Defendants Berg and Wickstrom after being informed of their conspiratorial actions

against Plaintiff. However, Plaintiff fails to demonstrate the personal involvement of Defendant Jones in any unconstitutional activity. Liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, plaintiff must show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959

(6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

Plaintiff has not alleged facts establishing that Defendant Jones was personally involved in the alleged conspiratorial acts against him. Moreover, Plaintiff has failed to aver facts demonstrating that Defendant Jones was even aware of the alleged acts of wrongdoing or that he encouraged these acts. Accordingly, the undersigned recommends that Plaintiff's claims against Defendant Jones be dismissed for lack of personal involvement.

Alternatively, Defendants move for qualified immunity. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

The procedure for evaluating claims of qualified immunity is tripartite: First, we determine whether a constitutional violation occurred; second, we determine whether the right that was violated was a clearly established right of which a reasonable person would have known; finally, we determine whether the plaintiff has alleged sufficient facts, and supported the allegations by sufficient evidence, to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights. *Williams v. Mehra*, 186 F.3d 685, 690 (6th Cir. 1999).

When determining whether a right is clearly established, this court must look first to decisions of the United States Supreme Court, then to decisions of the Sixth Circuit and to other courts within this Circuit, and finally to decisions of other circuits. *Dietrich*, 167 F.3d at 1012. An official action is not necessarily protected by qualified immunity merely because the very action in question has not previously been held to be unlawful. Rather, in light of pre-existing law, the unlawfulness of the official's conduct must be apparent. *Dietrich*, 167 F.3d at 1012; *Wegener v. City of Covington*, 933 F.2d 390, 392 (6th Cir. 1991).

When making a qualified immunity analysis, the facts must be interpreted in the light most favorable to the plaintiff. Part of the analysis is to determine whether there are any genuinely disputed questions of material fact. *Kain v. Nesbitt*, 156 F.3d 669, 672 (6th Cir. 1998). Where there is a genuinely disputed question of fact, it is for the trier of fact to resolve, not the judge. "This would be true notwithstanding that the trial judge found the [defendant] officer to be more credible than the plaintiff because it is not for the court to make credibility determinations at this stage of the proceeding." *Id.*

The operation of the qualified immunity standard depends substantially upon the level of generality at which the relevant legal rule is to be identified.

> The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in light of the preexisting law the unlawfulness must be apparent.

*Anderson*, 483 U.S. at 639-40. *See also Durham v. Nu'Man*, 97 F.3d 862, 866 (6th Cir. 1996), *cert. denied*, 520 U.S. 1157 (1997).

The Sixth Circuit has observed:

> A right is not considered clearly established unless it has been authoritatively decided by the United States Supreme Court, the Court of Appeals, or the highest court of the state in which the alleged constitutional violation occurred.

*Durham*, 97 F.3d at 866 (citing *Robinson v. Bibb*, 840 F.2d 349, 351 (6th Cir. 1988)).

Thus qualified immunity is not triggered only where the very action in question was previously held unlawful. *Anderson*, 483 U.S. at 639-40. Rather, the test is whether the contours of the right were sufficiently clear that a reasonable official would understand that what he is doing violated plaintiff's federal rights. *Id.*

Furthermore, a defendant need not actively participate in unlawful conduct in order to be liable under Section 1983. Rather, a defendant may be liable where he has a duty to protect a plaintiff and fails to comply with this duty. *Durham*, 97 F.3d at 866-868 (holding that a nurse and a security guard at a state hospital may be liable under Section 1983 where they do not take action to prevent a patient from being beaten). *See also McHenry v. Chadwick*, 896 F.2d 184 (6th Cir. 1990)(a correctional officer who observes an unlawful beating may be liable under Section 1983

even though he did not actively participate in the beating), and *Bruner v. Dunaway*, 684 F.2d 422 (6th Cir. 1982), *cert. denied sub nom*, *Bates v. Bruner*, 459 U.S. 1171 (1983)(police officers who stood by and observed an unlawful beating by fellow officers could be held liable under Section 1983).

When faced with a qualified immunity defense, the court must first determine whether or not the plaintiff has stated a claim upon which relief can be granted. *Siegert v. Gilley*, 500 U.S. 226, 232 (1991); *Turner*, 119 F.3d at 429. If the court answers that question in the affirmative, the court goes on to determine whether or not the right allegedly violated was clearly established. *Turner*, 119 F.3d at 429. These are both purely legal questions. The immunity issue should not be resolved if there are factual disputes on which the issue of immunity turns such that it cannot be determined before trial whether the defendants' conduct violated clearly established rights. *Hall v. Shipley*, 932 F.2d 1147, 1154 (6th Cir. 1991).

In this case, Plaintiff has failed to meet his burden of showing that Defendants violated any clearly established statutory or constitutional right or that any official in Defendants' positions would have clearly understood that he was under an affirmative duty to refrain from such conduct. In the opinion of the undersigned, all Defendants are entitled to qualified immunity.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendants' Motion for Summary Judgment. Accordingly, it is recommended that Defendants' Motion for Summary Judgment (Docket #61) be granted. The undersigned recommends that Plaintiff's claims regarding the denial of yard time, the September 18, 2004, false misconduct ticket, the deprivation of mail, and the failure of Defendant Jones to take corrective action against his subordinates be dismissed with prejudice. It is recommended that the

remainder of Plaintiff's complaint be dismissed without prejudice for failure to properly exhaust administrative remedies. Finally, it is recommended that Plaintiff's motion to supplement (Docket #95) be denied.

Further, if the court adopts this recommendation the court should decide that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court grants defendants' motion for summary judgment, the court can discern no good-faith basis for an appeal. It is recommended that should the plaintiff appeal this decision, the court assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he should be required to pay the $455 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

        /s/ Timothy P. Greeley
        TIMOTHY P. GREELEY
        UNITED STATES MAGISTRATE JUDGE

Dated: August 8, 2007